# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NEXXT, INC.** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **HEATHER RANNEY** | : | **NO. 22-2597** |

## MEMORANDUM

**Savage, J.**                                                                                            **August 8, 2022**

Plaintiff Nexxt, Inc. filed an action in the Court of Common Pleas of Montgomery County against its former employee, defendant Heather Ranney, seeking to enforce non-competition, non-solicitation, and non-disclosure obligations arising from her employment with Nexxt. Ranney removed the case on the basis of diversity of citizenship. Nexxt now moves to remand, relying on the forum selection clause contained in her non-disclosure agreement.

The venue provision reads:

> Any legal proceeding arising out of or relating to this Agreement shall be instituted in any court of general jurisdiction in Montgomery County, Pennsylvania, and [Ranney] and Nexxt hereby consent to the personal and exclusive jurisdiction of such court and hereby waive any objection that [Ranney] or Nexxt may have to personal jurisdiction, the laying of venue of any such proceeding and any claim or defense of inconvenient forum.[1]

Ranney argues that the agreed venue includes the federal district court embracing Montgomery County. Nexxt construes it more narrowly, contending it limits the venue to a court in Montgomery County.

---

[1] *See* Non-Disclosure Agreement § 11, ECF No. 6-2 (attached as Ex. 1 to Pl. Nexxt, Inc.'s Mem. of Law in Supp. of its Emergency Mot. to Remand & For Att'ys Fees, ECF No. 6-1).

We conclude that the non-ambiguous forum selection clause limits venue to the geographic bounds of Montgomery County.  Because there is no federal courthouse in that county, the United States District Court for the Eastern District of Pennsylvania is not an appropriate venue.  Therefore, we shall remand the action.

## Analysis

A party may waive her right to remove an action from state court.  *New Jersey v. Merrill Lynch & Co., Inc.*, 640 F.3d 545, 547 (3d Cir. 2011).  She may do so by agreeing to litigate covered claims in a specific forum, precluding her from removing a case from that forum.  In interpreting a forum selection clause, we look at the "plain and ordinary meaning" of the language.  *Id*. at 548 (citation omitted).

Ranney waived her right to object to a venue other than Montgomery County.  The question is whether the agreed venue includes a federal court that has no courthouse in Montgomery County, requiring the parties to litigate in another county where there is one.

Circuit courts that have addressed the issue squarely have held that a forum selection clause limiting venue to a particular county unambiguously prohibits litigation in a federal court where there is no federal courthouse in the designated county. *City of Albany v. CH2M Hill, Inc.*, 924 F.3d 1306, 1309 (9th Cir. 2019); *Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 676 (4th Cir. 2018); *Yakin v. Tyler Hill Corp.*, 566 F.3d 72, 76–77 (2nd Cir. 2009); *Collin County v. Siemens Bus. Servs., Inc.*, 250 F. App'x 45, 54 (5th Cir. 2007). Those courts reasoned that the intent of the clause is that litigation would take place within the geographic boundaries of the designated county and to proceed in federal court would be litigating in another county. *City of Albany*, 924 F.3d at

2

1308; *Bartels*, 880 F.3d at 674.

In *Yakin*, the Second Circuit found the venue provision unambiguous and construed the mandate that venue "shall be in Nassau County, New York" to mean that the parties "intended that litigation take place in an appropriate venue in Nassau County. . . ." *Yakin*, 566 F.3d at 76. Because there is no federal courthouse in Nassau County, it remanded the case. *Id.* at 76–77. Similarly, in *Bartels*, the Fourth Circuit held that "[b]ecause there is no federal courthouse in the designated county, removal of the case to federal court would mean that the dispute would be resolved in a county other than one designated by the contract." *Bartels*, 880 F.3d at 674.

Although it has not spoken in a precedential opinion, the Third Circuit has held that a provision stating that "venue laid in Butler County, Pennsylvania" meant that the "courts of Butler County are the exclusive forum. . . ." *Wall St. Aubrey Golf, LLC v. Aubrey,* 189 F. App'x. 82, 85 (3d Cir. 2006). This language, the court concluded, did "not logically allow for the possibility of any other venue." *Id.* at 86. Because there was no federal courthouse in Butler County, the court deemed it "physically and logically impossible for a federal district court to hear the case" in Butler County. *Id.* at 87.

The forum selection clause here mandates that litigation arising out of the agreement must be litigated "in Montgomery County." There is no federal courthouse in Montgomery County. The United States District Court for the Eastern District of Pennsylvania has courthouses in Philadelphia, Berks, Northampton, and Lehigh Counties. Had the clause designated any of those counties, the defendant could have removed the case to federal court. But, it did not.

3

**Conclusion**

We conclude that when the parties agreed to litigate in a particular county, the case cannot be removed to a federal court that does not have a courthouse in the designated county. Therefore, because Ranney has removed this case from the designated county that does not have a federal courthouse, we shall remand it.